Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8679 | **DATE** | 11/8/2012 |
| **CASE TITLE** | Derrick Flowers vs. Michael J. Astrue | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the instant action is hereby ordered dismissed. All pending dates and motions are hereby stricken as moot. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

  This matter is before the court on Plaintiff Derrick Flowers' (Flowers) *pro se* motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e) (Section 1915(e)), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted. . . ." *Id.* Flowers has filed a complaint *pro se*, and thus the court construes the complaint liberally. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000)(stating that "*pro se* complaints are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers").

  Flowers is suing the Commissioner of Social Security in this case. Flowers indicates in a somewhat incoherent complaint that in March 2012 he "went in front of the Administration Law Judge about all back payments . . . and he fully favored" Flowers. (Compl. 2). Flowers further states that he "can handle [his] own fund" and that "now all of a sudden[] they stop[ped] [his] check stating [that] [he] need[s] a payee." (Compl. 3). Flowers also contends that he "can handle [his] own money/checks," and he "had two medical doctors approve [his] funds/money already." (Compl. 3). In addition, Flowers indicates he went to a Social

| **STATEMENT** |
|---|
| Security Administration office and an employee told Flowers that he "need[s] a Payee." (Compl. 2). Flowers also has checked boxes on his complaint requesting that the court direct the Defendant to accommodate his disabilities and award him other relief. (Compl. 2). This court is not the proper venue to present complaints regarding the disbursement and/or processing of payments by the Social Security Administration. Flowers has failed to allege facts to plausibly suggest any violations of his federal constitutional rights or to suggest any federal cause of action in this case. Therefore, the instant action is dismissed. |